FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

2013 DEC 13 P 3: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

3:13-cv-1530-J-32MCR

KRISTIN ORR, individually,

Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,
a foreign limited partnership,

Defendant.

**JURY DEMAND**

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.  Plaintiff KRISTIN ORR alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant CREDIT PROTECTION ASSOCIATION, L.P.. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3.  This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff KRISTIN ORR is a natural person and a citizen of the State of Florida, residing in Flagler County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

6. Defendant CREDIT PROTECTION ASSOCIATION, L.P. ("Credit Protection Association") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 13355 Noel Road, Suite #2100, Dallas, TX 75380; Plaintiff further alleges that Credit Protection Association is a citizen of the State of Texas.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. The Plaintiff's former residence was equipped with Internet and cable television services provided through Bright House Networks.

10. The Plaintiff subsequently vacated her prior residence and Bright House Networks' services were terminated.

11. A balance was allegedly still owing on the Bright House Networks account, and said balance was subsequently assigned to Defendant Credit Protection Association for collection.

12. Defendant subsequently discovered the Plaintiff's cellular telephone number and began placing repeated automated telephone collection calls to her.

13. Upon answering any of these calls, the Plaintiff was greeted by an automated, machine-operated voice that immediately began speaking as follows:

> Hello, this message is for ROBERT ORR. If this is not ROBERT ORR please call us back at 888-701-1043 to have your phone number removed from this account and discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-888-745-3191. Please refer to account reference number 01726019810. This is an attempt by a debt collector to collect a debt, and any information received will be used for such purposes. Again, our phone number is 1-888-745-3191. Thank you.

14. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

15. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

16. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates paragraphs 1 through 16 herein.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff KRISTIN ORR, requests that the Court enter judgment in favor of Plaintiff and against Defendant CREDIT PROTECTION ASSOCIATION L.P. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

   e. litigation expenses and costs of the instant suit; and

   f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates paragraphs 1 through 16 herein.

20. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692f. See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010)

(holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff KRISTIN ORR, requests that the Court enter judgment in favor of Plaintiff and against Defendant CREDIT PROTECTION ASSOCIATION L.P. for:

a. actual damages;

b. statutory damages of $1,000.00;

c. attorney's fees, litigation expenses, and costs of the instant suit, and;

d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiff incorporates paragraphs 1 through 16 herein.

22. Pursuant to Florida law, Plaintiff seeks a declaration that Defendant' practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff KRISTIN ORR, requests that the Court enter judgment in favor of Plaintiff and against Defendant CREDIT PROTECTION ASSOCIATION L.P. for:

a. actual damages;

b. statutory damages of $1,000.00;

c. a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

d. attorney's fees, litigation expenses, and costs of the instant suit, and;

  e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of December, 2013.

          BRET L. LUSSKIN, Esq.
          *Attorney for Plaintiff*
          20803 Biscayne Blvd., Ste 302
          Aventura, Florida 33180
          Telephone: (954) 454-5841
          Facsimile: (954) 454-5844
          blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
   Bret L. Lusskin, Esq.
   Florida Bar No. 28069