**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**CASE NO. 3:13-cv-01530-TJC-MCR**

KRISTIN ORR, individually,
Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,
a foreign limited partnership,
Defendant.
_____________________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff KRISTIN ORR hereby submits her Memorandum of Law in Opposition to Defendant CREDIT PROTECTION ASSOCIATION, L.P.'s Motion to Stay. [ECF No. 14]. For the reasons contained herein, Plaintiff respectfully requests that the Court deny the Defendant's motion.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069

**MEMORANDUM OF LAW**

Defendant moves to stay this case based upon anticipated action by the Federal Communications Commission (FCC) relating to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. For the reasons expressed herein, the Court should deny Defendant's motion.

**INTRODUCTION**

On December 13, 2013, Plaintiff filed this action against Defendant CREDIT PROTECTION ASSOCIATION, L.P., alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* Defendant now moves to stay the case, citing FCC petitions that generally relate to the TCPA. These FCC proceedings will not change the outcome of this case, and are wholly duplicative of previous FCC orders that were resolved in Plaintiff's favor.

Every single federal court in Florida, including the Middle District of Florida, has rejected the Defendant's arguments. *See Ayers v. Verizon Communications, Inc.*, 2014 WL 2574543, Case No. 8:14–cv–626–T–30MAP (M.D. Fla. June 9, 2014); *Murray v. Diversified Consultants, Inc.*, 2014 WL 2574042, Case No. 8:13–cv–3074–T–30AEP (M.D. Fla. June 9, 2014); *Fail v. Diversified Consultants, Inc.*, 2014 WL 2574532, Case No. 8:14–cv–525–T–30EAJ (M.D. Fla. June 9, 2014); *see also Lardner v. Diversified Consultants, Inc.*, Case No. 1:13-cv-22751-UU (S.D. Fla. April 29, 2014) (Attached as Exhibit B). For these reasons, the Defendant's motion should be denied.

**STANDARD OF REVIEW**

"Primary jurisdiction is a common-law doctrine that is utilized to coordinate judicial and administrative decision making." *Access Telecomms. v. Sw. Bell Tel. Co.,* 137 F. 3d 605, 608 (8th Cir. 1998). The doctrine "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Alpharma, Inc. v. Pennfield Oil Co.,* 411 F. 3d 934, 938 (8th Cir. 2005) (internal quotation marks and citation omitted).

There is no fixed formula to determine the applicability of the doctrine, but rather it depends on "whether the reasons for the doctrine are present and whether applying the doctrine will aid the purposes for which the doctrine was created." *Access,* 137 F. 3d at 608. Deferral to an agency determination is appropriate for (1) "the promotion of consistency and uniformity within the areas of regulation, and (2) "the use of agency expertise in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion." *Alpharma,* 411 F.3d at 938 (internal citation omitted). The doctrine "is to be invoked sparingly, as it often results in added expense and delay." *Id.* at 938 (internal quotation marks and citation omitted). *Swope v. Credit Mgmt., LP*, Case No. 4:12-CV-832-CDP, 2013 WL 607830 (E.D. Mo. Feb. 19, 2013).

**ARGUMENT**

Defendant contends that this action should be stayed pending the FCC's resolution of several administrative petitions. Specifically, Defendant contends that the Court should wait for the FCC to rule on three issues:

1. "Whether 'consent' as an exception to using an ATDS to call a cellular phone applies to the called party or the intended recipient";
2. "Whether the TCPA was intended to apply to phone calls not made for telemarketing purposes"; and
3. "Whether the term 'capacity' as used by the TCPA requires 'present ability' to constitute an Automatic Telephone Dialing System."

(Def. Mot. to Stay, p. 1).

Defendant's motion attempts to entice the Court into performing "primary jurisdiction doctrine" analysis. Under ordinary circumstances, this analysis would be warranted. In this case, however, the analysis is superfluous and unnecessary. The FCC has already ruled upon the first two issues advanced by the Defendant. As to the third, the outcome of this case does not turn upon Defendant's use an automatic telephone dialing system at all. There are no new questions for the FCC, and there is no reason to expect that the FCC will reverse any of its previous findings. Accordingly, the motion must be denied.

**I. The Eleventh Circuit Has Held that "Called Party" Means the Person Actually Called.**

Defendant first argues that the Court should stay this case pending the FCC's resolution of "Whether 'consent' as an exception to using an ATDS to call a cellular phone applies to the called party or the intended recipient." (Def. Mot. to Stay, p. 1). Defendant contends that this case "presents the issue of whether 'prior express consent of the called party' under the TCPA requires consent from (a) the intended recipient of the call, (b) the current subscriber of the phone, or (c) some other party." *Id.* at 8. According to the Defendant, the FCC "has never weighed in on this question and courts are increasingly divided on the question." *Id.*

This argument deserves short shrift. The Eleventh Circuit has specifically rejected Defendant's argument and ruled that the "called party" is the person actually called, not the "intended recipient." *See Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1251-52 (11th Cir. 2014) (rejecting defendant's argument that the "intended recipient" is the "called party" for consent purposes). *Osorio* is controlling law. Accordingly, Defendant's first argument should be summarily rejected.

**II. It is Well Established that the TCPA Applies to Debt Collection Calls.**

A. The FCC Has Already Ruled that the TCPA Applies to Debt Collection Calls.

Defendant argues that this case should be stayed because the FCC should first determine whether the TCPA applies to non-telemarketing calls. The FCC has already answered this question in the affirmative. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 (2008) (hereinafter the *2008 TCPA Order*, attached as Exhibit A).

In the *2008 TCPA Order*, the FCC considered the ACA's petition to clarify whether non-telemarketing debt collection calls were covered by the TCPA. The FCC ruled that such calls are indeed covered: "We also reiterate that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. We note that this prohibition applies regardless of the content of the call, and is not limited only to calls that constitute 'telephone solicitations.'" *2008 TCPA Order*, ¶ 11. This order was *specifically* concerned with debt collection calls: "To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express

consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." *Id.* at ¶ 10.

Hence, in the *2008 TCPA Order*, the FCC conclusively resolved the issues for which the Defendant requests a stay. There is no reason to believe that the FCC will issue new rulemaking in conflict with its own previous *2008 TCPA Order*. Consequently, the Court should deny the Defendant's motion.

B. Virtually All Courts Have Concluded that the TCPA Applies to Debt Collection Calls, Including the Eleventh Circuit and the Supreme Court.

Similarly, virtually all courts have held that the TCPA applies to debt collection calls. *See*, *e.g., Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L.Ed. 2d 881 (2012); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F. 3d 637 (7th Cir. 2012); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316 (S.D. Fla. 2012); *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 WL 1899616 (S.D. Fla. 2013); *Harmon v. Gulf Coast Collection Bureau*, 2011 WL 777960 (S.D. Fla. 2011); *Moise v. Credit Control Services, Inc.*, 2011 WL 10623106 (S.D. Fla. 2011).

As recently as June 9, 2014, this Court denied three similar motions to stay, holding that the TCPA applies to debt collection calls. *Ayers v. Verizon Communications, Inc.*, 2014 WL 2574543, Case No. 8:14–cv–626–T–30MAP (M.D. Fla. June 9, 2014); *Murray v. Diversified Consultants, Inc.*, 2014 WL 2574042, Case No. 8:13–cv–3074–T–30AEP (M.D. Fla. June 9, 2014); *Fail v. Diversified Consultants, Inc.*, 2014 WL 2574532, Case No. 8:14–cv–525–T–30EAJ (M.D. Fla. June 9, 2014). "The first issue regarding whether the TCPA applies to non-telemarketing calls such as debt collection calls has already been addressed by the Eleventh

Circuit in *Osorio v. State Farm Bank, F.S.B.*" *Id.* at *1. "The Eleventh Circuit's holding in *Osorio* makes clear that the distinction related to non-telemarketing calls does not apply to calls made to cellular phones." *Id.* "Indeed, the provisions of the TCPA that apply to autodialed calls to cellular phones and the exemptions promulgated by the FCC demonstrate that DCI's argument with respect to whether the TCPA applies to non-telemarketing calls is without merit." *Id.*

Defendant's citation to *Hurrle v. Real Time Solutions, Inc.* is misplaced. *Hurrle* was decided upon a mistaken belief that there was an open question as to the TCPA's application to debt collection calls. Virtually every authority has ruled that the TCPA does so apply, including the FCC, the Eleventh Circuit, and the Supreme Court. The law is settled. Accordingly, the Court should reject the Defendant's argument and deny its motion to stay.

**III. The Outcome of This Case Will Not Be Affected by Any Pending FCC Decision Relating to Automatic Telephone Dialing Systems.**

Finally, Defendant argues that "a stay or dismissal is warranted because Plaintiff alleges that Defendant called her cellular telephone with an ATDS in violation of the TCPA." (Def. Mot. to Stay, p. 13). This is not correct. Plaintiff has alleged that Defendant called her cellular telephone ***using an artificial or prerecorded voice***. The FCC petitions cited by Defendant do not concern such calls.

At least one other court decided a virtually identical motion on this point. In *Swope v. Credit Management, LP*, the defendant moved to stay a TCPA action pending the resolution of an FCC petition relating to the definition of "automatic telephone dialing system," just as the Defendant here. 2013 WL 607830, No. 4:12-CV-832-CDP (E.D. Mo. Feb. 19, 2013). The court denied the defendant's motion:

> As an initial matter, Credit Management contends that the viability of the plaintiff's claim is completely dependent on the ruling of the FCC. This is not correct. Plaintiff's second amended complaint alleges violations of the TCPA

> through the use of an automatic telephone dialing system ***and through the use of artificial or prerecorded messages***. From the plain text of the statute, each of these violations is independently actionable; plaintiff may recover damages for calls made "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A) (emphasis added). Therefore, even if the primary jurisdiction doctrine should be invoked for the claims related to the automatic telephone dialing system, ***plaintiff's claims regarding the use of an artificial or prerecorded voice are appropriately before this court, regardless of the FCC's decision***.
>
> Regarding the plaintiff's claims related to Credit Management's alleged use of an automatic telephone dialing system, Credit Management argues that the FCC has primary jurisdiction over this matter. This argument is based on the FCC's issuance of a public notice for comments regarding whether it should reconsider its prior rulings that predictive dialers used by debt collection companies fall within the scope of the TCPA. Using the above factors set forth by the Eighth Circuit regarding primary jurisdiction, I conclude that invoking the doctrine is not appropriate in this case, and I will deny the motion to stay.

(emphasis supplied). The instant case tracks *Swope*. The Plaintiff has alleged both the use of an automatic telephone dialing system *and* an artificial or prerecorded voice. Furthermore, as recently as June 9, 2014, this Court denied three similar motions on the same grounds:

> The second issue, whether dialing equipment must have a current capacity to generate and dial random or sequential numbers in order to be considered an ATDS, is also without merit because, regardless of any decision on the issue of what constitutes an ATDS, Plaintiff alleges, in the alternative, that DCI violated the TCPA through the use of artificial or prerecorded messages. From the plain text of the statute, each of these violations is independently actionable; a plaintiff may recover damages for calls made "using any automatic telephone dialing system or an artificial or prerecorded voice."47 U.S.C. § 227(b)(1)(A) (emphasis added).

*Ayers v. Verizon Communications, Inc.*, 2014 WL 2574543, Case No. 8:14–cv–626–T–30MAP (M.D. Fla. June 9, 2014); *Murray v. Diversified Consultants, Inc.*, 2014 WL 2574042, Case No. 8:13–cv–3074–T–30AEP (M.D. Fla. June 9, 2014); *Fail v. Diversified Consultants, Inc.*, 2014 WL 2574532, Case No. 8:14–cv–525–T–30EAJ (M.D. Fla. June 9, 2014). This case presents the same scenario. Plaintiff alleges both the use of an automatic telephone dialing system and an artificial or prerecorded voice. Accordingly, Defendant's motion must be denied.

## IV. Conclusion

The Court should deny Defendant's motion to stay this case because the FCC has already ruled upon the issues for which the Defendant requests a stay. Further, irrespective of the FCC's decision, the outcome of this case will not change because the Defendant placed the calls at issue using both an automatic telephone dialing system *and* an artificial or prerecorded voice. Consequently, Defendant's motion must be denied.

**WHEREFORE**, Plaintiff KRISTIN ORR respectfully request that the Court deny Defendant's motion to stay.

Dated: July 3, 2014

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served by U.S. Mail or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069