**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KRISTIN ORR,

Plaintiff,

v. Case No: 3:13-cv-1530-J-32MCR

CREDIT PROTECTION ASSOCIATION, L.P.,

Defendant.

---

**O R D E R**

Defendant Credit Protection Association, L.P. ("CPA") allegedly called Plaintiff Kristin Orr forty-seven times between April 8, 2013 and June 6, 2014 attempting to collect a debt. (Doc. 24-1 at 2; Doc. 24-3). After receiving thirty-three of those calls, Mrs. Orr filed suit, alleging that CPA's calls violated the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), and Florida Consumer Collection Practices Act ("FCCPA"). (Doc. 1). Mrs. Orr moved for partial summary judgment (Doc. 24), and CPA responded (Doc. 26). CPA also moved for summary judgment (Doc. 25), and Mrs. Orr responded (Doc. 27). The Court heard oral argument on the pending motions on January 27, 2015, and the transcript of that hearing is incorporated herein.

## I. FACTUAL BACKGROUND

Bright House Networks provided cable and Internet services for Mrs. Orr and her family at their Ranwood Lane, Palm Coast, Florida address from August 3, 2011

to March 1, 2013. (Doc. 25-3 at 1). Robert Orr, Mrs. Orr's husband, set up the account, which was maintained in his name. (Doc. 25-1 at 4). Bright House's Business Operations Manager, Debra Coker, testified that at some point during this period, Mr. or Mrs. Orr provided Mrs. Orr's cell phone number as an alternative contact number for the account. (Doc. 25-3 at 1). However, Mr. and Mrs. Orr deny ever giving Bright House Mrs. Orr's number. (Doc. 25-1 at 14; Doc. 25-2 at 6).

On April 1, 2013, Bright House forwarded an unpaid debt for services on the Ranwood Lane account and Mrs. Orr's cell phone number to CPA. (Doc. 25-3 at 2). CPA then began using an automated telephone dialing system to call Mrs. Orr's cell phone attempting to collect the outstanding balance. (Doc. 24-1 at 2). Mrs. Orr received thirty-three phone calls from CPA between April 8, 2013 and November 26, 2013. (Doc. 24-3 at 1). Mrs. Orr filed suit on December 13, 2013, alleging violations of the TCPA, FDCPA, and FCCPA. (Doc. 1). CPA then called Mrs. Orr's cell phone an additional fourteen times between May 15, 2014 and May 29, 2014. (Doc. 24-3 at 2).

## II. LAW

### A. The Calls at Issue

Mrs. Orr seeks to recover under the TCPA for the thirty-three calls made before she filed her Complaint, and under the TCPA, FDCPA, and FCCPA for the fourteen calls made after she filed her Complaint. (Doc. 27 at 16-17). As Mrs. Orr never amended her Complaint to include the post-Complaint calls, CPA asserts that those calls are not a part of this lawsuit. (Doc. 26 at 5-7).

Mrs. Orr's Complaint frames the issues in this case. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008). "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). Instead the proper way to add a claim at the summary judgment stage is through an amended complaint. Id. Thus, a plaintiff may not assert an additional statutory basis for relief at the summary judgment stage. Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1296-97 (11th Cir. 2006). Nor can a plaintiff present a separate theory for entitlement to relief under the same statutory basis alleged in the complaint. See Gadsby v. Am. Golf Corp. of Cal., 557 F. App'x 837, 839 (11th Cir. 2014).

In Gadsby, the Eleventh Circuit affirmed the district court's refusal to consider alternative grounds for a breach of contract claim because those grounds were not asserted until the plaintiffs' response to a summary judgment motion. Id. Similarly, in Hall v. Dekalb Cnty. Gov't, 503 F. App'x 781 (11th Cir. 2013), the plaintiffs attempted to raise for the first time at summary judgment arguments related to events that occurred after they filed their Title VII complaint. 503 F. App'x at 785. Because the plaintiffs never sought to amend their complaint to include these additional bases for their claims, the district court did not consider the post-complaint actions on summary judgment. Id. at 786. The Eleventh Circuit affirmed, finding that the claims were not properly before the district court. Id.

Mrs. Orr's Complaint could not and did not allege claims for calls that were made after she filed the Complaint. If she wanted the Court to consider those calls,

the proper procedure was to move for leave to file an amended complaint. In the absence of any amendment, the Court cannot consider Plaintiff's claims to the extent they rely on events that post-date the Complaint.

**B. Count I (TCPA)**

The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to call a telephone number assigned to a cellular telephone service without the prior express consent of the "called party", the current cell phone subscriber. 47 U.S.C. § 227(b)(1)(A) (2012); see Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1253 (11th Cir. 2014) (defining the called party who must provide consent under the TCPA as the current subscriber). Plaintiffs are entitled to actual losses or $500 in damages for each violation of the TCPA, and, if the court finds that the defendant violated the TCPA willfully or knowingly, it may increase the amount of the award to no more than triple damages. § 227(b)(3).

It is uncontested that CPA used an ATDS to call Mrs. Orr's cell phone thirty-three times. Accordingly, Mrs. Orr asks for partial summary judgment, arguing that the Court should find that she is entitled to at least $500 for each of the alleged violations, with the issue of CPA's knowledge or willfulness to be determined at trial. (Doc. 24 at 2). CPA argues that it is entitled to summary judgment on the TCPA claim because it had prior express consent to call Mrs. Orr's cell phone. (Doc. 25 at 20-24).

The key issue is therefore whether either Mr. or Mrs. Orr provided prior express consent to call Mrs. Orr's cell phone.[1] Under the TCPA, consent is an affirmative

[1] CPA argued extensively that, if Mr. Orr provided prior express consent to call

defense; thus, CPA has the burden of demonstrating that it had consent. See Osorio, 746 F.3d at 1253 (noting that, to benefit from the consent exception, the defendant must demonstrate consent). Where a consumer provides her wireless number to a creditor "during the transaction that resulted in the debt owed", she has consented to receive auto-dialed calls and prerecorded messages on that number. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 564-65 (2008). Thus, where a customer provided Comcast with his cellular telephone number at the time that Comcast set up his cable service, he provided express consent under the TCPA. Johnson v. Credit Prot. Ass'n, L.P., No. 11-80604-CIV, 2012 WL 5875605, at *4 (S.D. Fla. Nov. 20, 2012). Where instead a customer only provided his phone number to a business in conjunction with cancelling services, he did not provide consent to receive calls about a balance that accumulated prior to the cancellation. See Nigro v. Mercantile Adjustment Bureau, LLC, 769 F.3d 804, 805 (2d Cir. 2014).

As there is an issue of material fact as to whether the Orrs provided Mrs. Orr's cell phone number to Bright House and, if they did so, whether it was during a transaction that resulted in the debt owed, neither party is entitled to summary judgment on Count One. However, the TCPA claim in Count One does not include the fourteen calls made after the filing of the Complaint.

---

Mrs. Orr's cell phone, his consent would be sufficient under the TCPA. (Doc. 25 at 22-24; Doc. 26 at 9-11). Mrs. Orr does not appear to contest that Mr. Orr was capable of providing prior express consent for CPA to call her cell phone. (Doc. 27 at 8-9). As the issue appears to be undisputed, the Court will consider Mr. Orr's consent to be equivalent to Mrs. Orr's consent for the purposes of this Order.

**C. Counts II and III (FDCPA and FCCPA)**

Mrs. Orr's Complaint also alleges that CPA violated the FDCPA and FCCPA. (Doc. 1 at 4-5). However, she now acknowledges that her claims under those statutes relate only to the fourteen calls made after the filing of the Complaint. (Doc. 27 at 17). As those calls are not a part of this lawsuit, see supra Part II.A, her FDCPA and FCCPA claims will be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. 24) is **DENIED**.

2. Defendant's Motion for Summary Judgment (Doc. 25) is **DENIED** as to Count I. Counts II and III are **DISMISSED without prejudice**. As the May 2014 calls are not a part of this lawsuit, this ruling has no effect on Plaintiff's ability to bring a new complaint regarding the May 2014 phone calls.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of February, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record